IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COMMUNITY HOSPITAL PARTNERS, LLC,

                      Plaintiff,

  v.                                                  OPINION and ORDER

MARSHFIELD CLINIC HEALTH SYSTEM, INC.,           22-cv-234-jdp

                      Defendant.

---

      This case arises from a failed joint venture between plaintiff Community Hospital Partners, LLC and defendant Marshfield Clinic Health System, Inc. to develop and operate a system of "micro-hospitals" in central and northwestern Wisconsin. Community Hospital Partners (CHP) alleges that it provided Marshfield Clinic with confidential and proprietary information about how micro-hospitals are designed and operated, and that Marshfield Clinic now is using that information to build micro-hospitals without CHP's involvement. CHP has sued Marshfield Clinic for breach of contract and for misappropriation of trade secrets in violation of state and federal law.

      Marshfield Clinic moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), contending that CHP's complaint is insufficiently detailed. Dkt. 10. Marshfield Clinic also requests fees on the ground that CHP brought the lawsuit in bad faith. The court will deny the motion. The factual allegations in CHP's complaint, taken are true, state plausible claims for breach of contract and misappropriation of trade secrets. The allegations have enough detail to put Marshfield Clinic on notice about the trade secrets that are at issue in this case. Because Marshfield Clinic did not prevail on the motion, its request for fees will be denied.

BACKGROUND

The court draws the following facts from CHP's complaint. Dkt. 1. In deciding a motion to dismiss under Rule 12(b)(6), the court accepts all of the plaintiff's plausible factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff Community Hospital Partners is a Texas-based LLC that specializes in developing and managing micro-hospitals. Micro-hospitals are small-scale inpatient facilities that operate in smaller and more remote markets where there is insufficient patient demand to support a traditional hospital. Defendant Marshfield Clinic Health System is a Wisconsin corporation that runs clinics and hospitals throughout the state of Wisconsin.

In early 2020, CHP and Marshfield Clinic began exploring a potential joint venture to develop and operate micro-hospitals in central and northwest Wisconsin. To facilitate candid discussions, the parties entered into a nondisclosure agreement. Among other things, the agreement provided that the parties would not use the other's confidential information for any purpose other than developing the joint venture.

After several months of discussions, CHP and Marshfield Clinic entered into a non-binding agreement to form a jointly-owned entity to run the micro-hospitals. The parties continued to collaborate on a business plan. As part of the collaboration, CHP provided Marshfield Clinic with trade secrets and proprietary and confidential information related to how micro-hospitals are built and operated. The court will discuss the alleged trade secrets and confidential information in greater detail in the analysis section of the opinion.

The parties finalized their business plan in August 2021. Shortly after the plan was completed, Marshfield Clinic terminated its relationship with CHP. Marshfield Clinic

executives explained to CHP's owner that Marshfield Clinic "had all of the information it needed and would proceed to develop and operate the micro-hospitals by itself." Dkt. 1, ¶ 58. Marshfield Clinic plans to open several of the CHP-designed micro-hospitals without CHP's involvement.

## ANALYSIS

CHP asserts claims for breach of contract and misappropriation of trade secrets.[1] Marshfield Clinic moves to dismiss all of CHP's claims. To survive a motion to dismiss under 12(b)(6), the factual allegations in the complaint must plausibly suggest that the plaintiff is entitled to relief and give the defendant fair notice of the basis for its claims. *McCray v. Wilkie*, 966 F.3d 616, 620 (7th Cir. 2020).

**A. Misappropriation of trade secrets**

CHP asserts claims against Marshfield Clinic under Wisconsin's Uniform Trade Secrets Act (UTSA), Wis. Stat. § 134.90, and under the federal Defend Trade Secrets Act of 2016 (DTSA), 18 U.S.C. § 1836. The parties agree that the elements of a claim for misappropriation of trade secrets are essentially the same under state and federal law. *See* Dkt. 12, at 14; Dkt. 15, at 17. Thus, the court's analysis will use Wisconsin's UTSA, but the analysis would apply as well to the DTSA. *See Kuryakyn Holdings v. Ciro*, 242 F. Supp. 3d 789, 797 (W.D. Wis. 2017) (treating UTSA and DTSA as functionally equivalent).

---

[1] CHP also asserts a claim for a declaratory judgment that CHP's proprietary information was covered by the parties' nondisclosure agreement and that it shared protected trade secrets with Marshfield. Declaratory judgment is a form of relief, not an independent cause of action. *Sieving v. Cont'l Cas. Co.*, 535 F. Supp. 3d 762, 774 (N.D. Ill. 2021). CHP's right to a declaratory judgment depends on whether it succeeds on its substantive claims, so the court need not separately address CHP's request for that relief.

To state a claim under the UTSA, a plaintiff must allege facts to show that (1) the information at issue is a "trade secret," and (2) that the trade secrets were misappropriated by the defendant. *Minuteman, Inc. v. Alexander,* 147 Wis. 2d 842, 853-54, 434 N.W.2d 773, 778 (1989*).* Information is a trade secret if it "is valuable, not known to others who might profit by its use and has been handled by means reasonably designed to maintain secrecy." *IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 583 (7th Cir. 2002). Marshfield Clinic contends that CHP's complaint must be dismissed because it has not alleged "the specific trade secrets possessed by CHP," Dkt. 11, at 14, the steps CHP took to protect its trade secrets, or the ways in which Marshfield Clinic misappropriated the trade secrets.

**1. Specific trade secrets**

In its complaint, CHP identifies five alleged trade secrets that it shared with Marshfield: (1) CHP's site-selection model, which synthesizes financial, demographic, and location data to determine ideal micro-hospital locations; (2) the physical design and layout of the micro-hospitals; (3) a micro-hospital staffing model; (4) a proprietary model for purchasing services from larger hospitals; and (5) "financial model[s]" based on proprietary spreadsheets designed by CHP. Dkt. 1, ¶ 50.

These allegations are specific enough to state a claim for relief. "[A]lleged trade secrets need not be disclosed in detail in a complaint to survive a motion to dismiss." *Fire 'Em Up, Inc. v. Technocarb Equip. (2004) Ltd.*, 799 F. Supp. 2d 846, 850 (N.D. Ill. 2011). CHP's allegations are not particularly detailed, but they are enough to give the court and Marshfield Clinic notice of what the alleged trade secrets are. This court, and other district courts in this circuit, have concluded that allegations with a similar level of detail are enough to state a claim. *See Servicios Technologicos De Guat. v. WOCCU Servs. Grp.*, No. 13-cv-601-wmc, 2014 WL 3845854, at *3

4

(W.D. Wis. Aug. 5, 2014) ("it is enough to identify its software generally as the trade secret in question."); *Romary Assocs., Inc. v. Kibbi LLC*, No. 1:10-CV-376, 2011 WL 13254419, at *2 (N.D. Ind. June 17, 2011) ("information regarding research, development, design, construction, marketing, advertising, intended customers, merchandising, pricing, and accounting related to [plaintiff's] mobile banking concepts and designs."); *Mission Measurement Corp. v. Blackbaud, Inc.*, 216 F. Supp. 3d 915, 920–21 (N.D. Ill. 2016) ("business models, . . . business plans, and product development plans").

Marshfield Clinic contends that more is required, stating that "a plaintiff must identify its alleged trade secrets with specificity." Dkt. 11, at 7. But the cases it cites in support of that argument were decided at summary judgment, not at the pleading stage. *See IDX Sys. Corp. v. Epic Sys. Corp.*, 165 F. Supp. 2d 812, 816 (W.D. Wis. 2001); *Kuryakyn Holdings*, 242 F. Supp. 3d at 800 ("To survive summary judgment, [plaintiff] must identify specific documents or information that constitute trade secrets, not simply list categories or general topics of information."). To prevail on its claim, CHP will be required to identify the specific information it contends is a trade secret. But that specificity isn't required at the pleading stage. CHP has plausibly alleged that some of the information it shared with Marshfield Clinic was a trade secret, which is enough to state a claim. "If [Marshfield] needs more specificity, it can obtain it through discovery." *Bondpro Corp. v. Seimens Westinghouse Power Corp.*, 320 F. Supp. 2d 804, 807 (W.D. Wis. 2004).

In its reply brief, Marshfield Clinic argues for the first time that CHP's allegations fail to state a claim because the complaint's list of trade secrets is not exhaustive. *See* Dkt. 1, ¶ 50 ("For example, and without intending to be exhaustive . . ."). Marshfield Clinic contends that because the complaint implies the existence of other trade secrets, the complaint does not

5

meaningfully identify the trade secrets that are at issue in the case. Marshfield Clinic did not raise that argument in its opening brief, so Marshfield Clinic forfeited it. *See Hernandez v. Cook Cty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) (arguments raised for the first time in a reply brief are waived).

But the argument also fails on its merits. CHP has adequately identified five trade secrets that it alleges were misappropriated, so it has stated a claim based on those trade secrets. CHP could later amend its complaint to identify additional trade secrets. But at this stage in the case, it "is not fatal to [CHP's] claim that its hedging language left open the possibility of expanding its identifications later." *Inteliclear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 659 (9th Cir. 2020). Marshfield Clinic cites no authority that a complaint fails to state a trade-secret claim merely because the list of secrets is non-exhaustive. In the cases Marshfield Clinic cites, the problem wasn't that the list of trade secrets was non-exhaustive; it was that the complaint provided no guidance about the nature of the trade secrets at all. *See Emazing Lights LLC v. De Oca*, No. SACV 15-1561, 2016 WL 3658945, at *2 (C.D. Cal. Jan. 7, 2016) (trade secrets included "any . . . information not publically [sic] and widely known," which gave the complaint "unlimited reach"); *Zoom Imaging Sols., Inc. v. Roe*, No. 2:19-cv-01544-WBS-KJN, 2019 WL 5862594, at *5 (E.D. Cal. Nov. 8, 2019) (allegation that defendants "used Zoom's trade secrets and other confidential business information" gave defendants "no clue whatsoever about what information forms the basis of [the] misappropriation claim.").

Here, reading the complaint fairly and as a whole, CHP put Marshfield Clinic on notice about the basis for its trade secrets claim. CHP states that the confidential information at issue in this case relates to the design and operation of micro-hospitals, and it further identified the

6

categories of information that it believes are protectable trade secrets. That is enough at this stage of the case.

### 2. Adequate measures to protect secrecy

Marshfield Clinic contends that CHP did not adequately allege that it took reasonable efforts to maintain the secrecy of the alleged trade secrets. CHP alleges that it takes measures to maintain the secrecy of the alleged trade secrets, such as "computer security" and the use of nondisclosure agreements, Dkt. 1, ¶ 55, but Marshfield Clinic contends that these efforts are inadequate.

Whether a party's measures to protect the confidentiality of an alleged trade secret were reasonable "depends on a balancing of costs and benefits that will vary from case to case." *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 725 (7th Cir. 2003). Thus, the question is ill-suited for resolution at summary judgment, *see id.*, much less at the motion to dismiss stage. The measures that CHP has alleged here, such as the use of nondisclosure agreements, may be reasonable under the circumstances. *See Mission Measurement Corp. v. Blackbaud, Inc.*, 216 F. Supp. 3d 915, 922 (N.D. Ill. 2016) (sufficient for plaintiff to allege that it entered into nondisclosure agreements concerning its trade secrets); *Dick Corp. v. SNC-Lavalin Constructors, Inc.*, No. 04 C 1043, 2004 WL 2967556, at *9 (N.D. Ill. Nov. 24, 2004) ("An agreement restricting the use of information may be considered a reasonable step to maintain secrecy of a trade secret."). Drawing all inferences in CHP's favor, it has plausibly alleged that it took reasonable precautions to protect its trade secrets.

### 3. Misappropriation

Finally, Marshfield Clinic contends that CHP has not adequately alleged that Marshfield Clinic is misappropriating its trade secrets. Marshfield Clinic argues that CHP

provides only speculation that Marshfield Clinic is using CHP's trade secrets as part of Marshfield's effort to build micro-hospitals, and that CHP "leaves no room for the innocent alternative explanation that Marshfield Clinic is building new facilities without using CHP's trade secrets." Dkt. 21, at 4.

This argument fails. CHP alleges that it used its expertise and trade secrets to create a business plan; it provided Marshfield Clinic with that plan; Marshfield Clinic executives told CHP that it now had the information it needed to build the hospitals on its own; and Marshfield Clinic is now building hospitals designed by CHP. Dkt. 1, ¶¶ 58–60. Accepting those allegations as true, it is reasonable to infer that Marshfield Clinic is using CHP's trade secrets to build and operate the hospitals.

**B. Breach of contract**

CHP alleges that Marshfield Clinic breached the parties' nondisclosure agreement by using CHP's proprietary and confidential information to directly compete with CHP. A claim for breach of contract has three elements: (1) an enforceable contract between the parties; (2) a breach of the contract; and (3) damage. *Kaste v. Amery Reg'l Med. Ctr., Inc.*, 2016 WI App 75, ¶ 9, 371 Wis. 2d 759, 886 N.W.2d 592. Marshfield Clinic does not dispute that the nondisclosure agreement was an enforceable contract or that CHP suffered damages. But it contends that CHP has not alleged that Marshfield Clinic breached the contract.

CHP adequately alleges a breach of contract. CHP alleges that it provided Marshfield Clinic with confidential information about how micro-hospitals are built and operated, including financing and staffing models, marketing and business-development practices, site selection criteria, and training procedures. Dkt. 1, ¶ 48. CHP also alleges that pursuant to the nondisclosure agreement, the information could be used only for the purpose of building micro-

8

hospitals together, and that Marshfield Clinic is now using that information to build micro-hospitals on its own. Those allegations plausibly suggest that Marshfield Clinic breached the parties' contract.

Marshfield Clinic argues that this claim fails for similar reasons to the trade secret claim: CHP does not identify specific confidential information that has been misused or explain how Marshfield Clinic has misused it. Those arguments fail for the same reasons the court rejected them on the trade secrets claim.

**C. Fees**

Marshfield Clinic requests fees under the WUTSA and DTSA, which allow a prevailing defendant to recover fees for misappropriation claims that are brought in bad faith. *See* Wis. Stat. § 134.90(c); 18 U.S.C. § 1836(b)(3)(D). The court is denying Marshfield's motion to dismiss, so Marshfield Clinic is not the prevailing party and isn't entitled to fees at this stage of the case. The request is denied.

ORDER

IT IS ORDERED that defendant Marshfield Clinic Health System, Inc.'s motion to dismiss, Dkt. 10, is DENIED.

Entered March 9, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge